IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ASHLIE PULLEN, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 5:18-CV-340 (MTT) |
| WARNER ROBINS OB GYN LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Ashlie Pullen filed a motion for reimbursement for expenses for Defendants' Warner Robins OB-GYN, LLC and Warner Robins OB/GYN2, LLC's failure to waive service. Doc. 6. For the following reasons, that motion (Doc. 6) is **GRANTED**.

### I. BACKGROUND

The Plaintiff filed her complaint against the Defendants on September 19, 2018. Doc. 1. That same day, the Plaintiff sent the Defendants a notice of lawsuit and request to waive service of a summons. Doc. 6-2. The Defendants received the Plaintiff's request to waive service on September 20. *Id.* The Defendants failed to respond to the Plaintiff's request to waive by October 19 as required by Rule 4 of the Federal Rules of Civil Procedure and the deadline outlined in the Plaintiff's request to waive service.[1] Doc. 6-1 at 1-2. The Plaintiff then had service perfected on the Defendants' agent[2] on November 14 by the Houston County Sheriff's Office. Doc. 4. On November 28, the

---

[1] "The notice and request must: . . . give the defendant a reasonable time of at least 30 days after the request was sent. . . ." Fed. R. Civ. P. 4(d).

[2] Both Defendants have the same agent. Docs. 4; 6-1 at 1.

Plaintiff moved for reimbursement of service expenses, totaling $380.30, "plus any additional amounts which may have accrued subsequent to the filing of [her] Motion and Brief in Support, for the legal services rendered to recover the expenses of service." Doc. 6-1 at 4. As of December 20, 2018, the Defendants have not responded to the motion. The parties filed a stipulation of extension of time to answer the Plaintiff's complaint on December 3, thereby extending the deadline to answer until January 4, 2019. Doc. 7. The Defendants answered the Plaintiff's complaint on January 4. Doc. 8.

## II. DISCUSSION

"An individual, corporation, or association that is the subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. Fed. R. Civ. P. 4(d)(1). Accordingly, a plaintiff "may notify such a defendant that an action has been commenced and request that the defendant waive service of summons." *Id.* When a defendant within the United States "fails, without good cause, to sign and return a waiver requested by a plaintiff within the United States, the court must" require the defendant to pay the plaintiff "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). "A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendments. Good cause may exist when "the defendant did not receive the request or was insufficiently literate in English to understand it." *Id.*

The Plaintiff incurred expenses of $50.00 for service by the Sheriff's Office; $6.70 in postage fees to mail process to the Sheriff's Office; $3.60 in photocopy fees to mail to the Sheriff's Office; and $320.00 in attorney's fees to perfect service (1.6 hours at $200 per hour). Doc. 6-1 at 2. As of January 7, 2019, the Defendants have not responded to the Plaintiff's motion and have thereby not shown good cause as to why they failed to waive service. Furthermore, there is evidence that the Defendants received notice of the lawsuit and are not insufficiently literate in English to understand it, as they filed their answer to the Plaintiff's complaint on January 4 after filing a stipulation of extension of time to answer on December 3, 2018. Docs. 7; 8. Accordingly, the Defendants must reimburse the Plaintiff for the expenses she incurred in perfecting service on the Defendants.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion (Doc. 6) is **GRANTED**. Accordingly, the Defendants are **ORDERED** to pay the Plaintiff $380.30 for failure to waive service.

**SO ORDERED**, this 7th day of January, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT